IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Corporations for Affordable Housing Limited Partnership, II, | ) ) ) | C/A No. 0:05-172-22 |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| MAS Apartment Corporation; Dennis E. Dean; James G. Carswell, III; Richard J. Whaley; and Tom D. McVay, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion to dismiss or, in the alternative, to stay proceedings pending conclusion of a state court action in Ohio. Having reviewed the memoranda of the parties, exhibits, other documents, and the relevant case law, the court concludes that neither dismissal nor a stay of these proceedings is necessary.

First, although an action involving related issues was filed by Defendants in an Ohio state court a month before this action was filed, Defendant MAS Apartment Corporation ("MAS") withdrew from the Ohio lawsuit on March 3, 2005, dismissing its claims against Corporations for Affordable Housing Limited Partnership ("CAHLP"). The other Defendants in this action, Dennis E. Dean; James G. Carswell, III; Richard J. Whaley; and Tom D. McVay, remain plaintiffs in the Ohio case. Because MAS is not a party to the Ohio lawsuit, its liability under the Tax Credit Guaranty Agreement can only be decided in this action. Therefore, a stay of this proceeding would not avoid "the waste inherent in duplicative actions" as argued by Defendants.

Second, the Tax Credit Guaranty Agreement and the Individual Guaranties at issue in this action contain choice of law provisions requiring the application of South Carolina law. Also, the

Tax Credit Guaranty Agreement contains a forum selection clause requiring that disputes be resolved by the "courts of the State of South Carolina and of the United States District Court for the District in which the project is located ...."  The project at issue was located in Winnsboro, South Carolina.

Forum selection and choice of law clauses are afforded presumptive validity, absent a clear showing that they are unreasonable under the circumstances.  *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.1, 10 (1972)). Defendants have offered no reason why the forum selection or choice of law clauses in this case are not reasonable.  Further, because all of the Guaranties at issue choose South Carolina law, it is appropriate to have the trial of this diversity case in a forum that is at home with the state law that must govern the case.  *Piper Aircraft Co. v. Reno,* 454 U.S. 235, 241 n.6 (1981) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).

If the concurrent action were pending in a South Carolina state court, Defendants' point regarding a "state court's competence to decide state law" would carry more weight.  However, the court is not convinced that a state court in Ohio is a more proper or competent tribunal to construe and apply South Carolina law to the dispute between these parties.  Nor does this court find that "exceptional circumstances" exist warranting abstention.  *See New Beckley Min. Corp. v. International Union*, 946 F.2d 1072, 1074 (4th Cir. 1991); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976).  There is nothing that would give an Ohio court a particularly strong interest in deciding this case.  *See Myles Lumber Co. v. CNA Financial Corp.,* 233 F.3d 821, 824 (4th Cir. 2000).  No state regulatory or policy matters are at issue in this action,

nor are there unsettled questions of state law that may dispose of the case and avoid the need for this court's exercise of jurisdiction. *Meredith v. Talbot County, Md.*, 828 F.2d 228, 231 (4th Cir. 1987). Abstention is the exception, not the rule. *First Penn. Pacific Life Ins. Co. v. Evans,* 304 F.3d 345 (4th Cir. 2002) (*citing Colorado River,* 424 U.S. at 813). Consequently, the court finds nothing to support abstention in this case.

In support of the motion to dismiss, Defendants offer no arguments or authority for a change of venue. Defendants do not state any objection to the current venue's propriety, nor do they allege why the convenience of parties and witnesses, the interest of justice, the possibility of prejudice, or any other reason supports a different venue. Plaintiff, on the other hand, offers several reasons why venue is proper. Unless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984). In light of Plaintiff's selection of this forum, the location of the project at issue, as well as the choice of law provisions and the forum selection clause in the Tax Credit Guaranty Agreement, the court finds that a change of venue is not warranted.

For the above reasons and for the further reasons argued in Plaintiff's memorandum, Defendants' motion to dismiss or, in the alternative, to stay this action is denied.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie_____
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

May 24, 2005
Columbia, South Carolina

C:\temp\notesFFF692\05-172 tp CAHLP v MAS - motion to stay.wpd

3